**MECHANICAL PLASTICS CORP., Plaintiff,**

v.

**UNIFAST INDUSTRIES, INC., Defendant.**

**No. CV 84–3290.**

United States District Court.
E.D. New York.

April 9, 1987.

Pennie & Edmonds, by Berj A. Terzian, New York City, for plaintiff.

Fiddler & Levine by Robert W. Fiddler, New York City, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WEXLER, District Judge.

### FINDINGS OF FACT

1. Plaintiff Mechanical Plastics Corp. ("Mechanical") is a New York corporation having a principal place of business at Pleasantville, New York.

2. Defendant Unifast Industries, Inc. ("Unifast") is a New York corporation having its principal place of business at Hauppauge, New York.

3. Mechanical and Unifast are competitors engaged in the business of manufacturing fastening devices for anchoring other articles to a wall, ceiling, or like surface.

4. Such devices have long been employed to fasten or anchor a variety of articles to a wall where there is access to only one surface of the wall. A hole is drilled in the wall to which anchoring is desired, with the hole drilled from the accessible face of the wall through to the blind or inaccessible face of the wall. A

---

beam or toggle plate is threaded into the hole and drawn up against the blind wall face with a bolt threaded through the wall opening into an opening in the seam.

5. The sole claim of infringement asserted by Mechanical in this action is the last independent claim of the 4,075,924 patent, claim 30, which is reproduced below:

"An anchor assembly for retaining an elongated fastener member within an opening defined by a wall portion having at least one concealed side which comprises:

a. at least two elongated strips of flexible resilient plastic having a plurality of successive generally triangular-shaped teeth members extending along at least a portion of at least one marginal edge portion;

b. means connecting a pair of adjacent end portions of said leg members;

c. a generally elongated anchor member positioned transversely of said leg members at the opposite end portions thereof and defining an opening generally medial of said leg members capable of receiving an elongated fastener member positioned between said leg members for attachment to the anchor member;

d. fastening means to connect an end portion of each leg member to said anchor member, said connected end portions of said leg members being approximately perpendicular to said leg members, said fastening means being attached to said perpendicular portions of said leg members and configured to be engageably received within openings defined by said anchor member so as to position the fastener opening of said anchor member generally medial of said leg members;

e. gripping means secured to said connected end portions of said leg members for applying force to said leg members capable of controlling the orientation and position of said anchor member when positioned behind the blind surface of a wall portion; and

f. a collar member defining slotted portions configured to accept said leg members and having teeth members engageable with corresponding teeth members of said leg members in a manner to selectively fix the position of said collar member at a plurality of positions along the length of the leg members."

6. This claim, in essence, defines a bolt anchor assembly composed of three parts, a metal retaining piece, referred to in subparagraph c, two resilient plastic legs, referred to in subparagraphs a, b, d, and e, and a plastic collar, referred to in subparagraph f, which parts are assembled together and then used to receive and anchor in hollow walls a threaded bolt, referred to in the preamble and subparagraph c.

7. The metal retaining piece, called "a generally elongated anchor member" and depicted in the patent specification as having a U-shaped channel configuration, has a central opening into which the metal bolt may be threaded (subparagraph c). Approximately perpendicular end portions of the plastic legs, called "leg members", are fastened to the metal channel, by means designed to be received within openings in the channel to position the central bolt opening in the channel generally medial, i.e., centered between, the plastic legs (subparagraph d). The opposite end of the plastic legs are connected together (subparagraph b), and a gripping means is secured to these connected ends of the plastic legs to control the orientation and position of the metal channel behind the blind surface of a hollow wall (subparagraph e). The plastic legs are provided with triangular teeth (subparagraph a), and a plastic collar is designed to receive the plastic legs within slots that cooperate with the teeth on the legs to fix the position of the collar along the length of the legs (subparagraph f).

8. In use, the metal channel is fastened to the perpendicular end portions of the plastic legs, and the opposite ends of the legs are fitted into the slots of the plastic collar.

9. Such parallel position enables the metal channel and the plastic legs to be inserted into a hole in a hollow wall until the channel has reached beyond the blind surface behind the wall. The assembly can then be controlled and positioned, with the

aid of the gripping means, to enable the metal channel to return to the transverse position and be drawn up flush against the blind surface behind the wall. The plastic collar is then slipped up the length of the plastic legs until the collar is flush up against the front surface of the wall, thus securing the metal channel in the transverse position behind the wall.

10. Thereafter, the excess lengths of the plastic legs protruding out from the collar are broken off, and a threaded bolt, called an "elongated fastener member" in claim 30, is passed through an object to be mounted against the wall, then through an opening in the collar and finally threaded into the central opening of the channel until the object is securely fixed up against the wall. At such completion of the installation, the metal channel and the metal bolt threaded into it perform all the work of supporting the object or fixture secured to the wall.

11. The Unifast anchoring device functions in a different way from the patented device. The Unifast anchor permits the toggle plate to pivot freely into desired position against the blind side of the wall under the action of gravity, whereas the patented structure requires gripping means for applying orienting forces to the toggle plate. (See clause e of claim 30).

12. In July of 1974, plaintiff did not offer a T–Bar type fastener identical to the fastener of the suit patent for sale to Hilti Inc.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

3. The Court finds that the '924 Patent is valid and that defendant has failed to prove otherwise by clear and convincing evidence. 35 U.S.C. § 282; *Panduit Corp. v. Dennison Mfg. Co.*, 774 F.2d 1082, 1096 (Fed.Cir.1985); *Atlas Powder Co. v. E.I. duPont de Nemours & Co.*, 750 F.2d 1569, 1573 (Fed.Cir.1984).

4. The Court finds that, based on all of the circumstances, the '924 patent is not invalid as having been "in public use" or "on sale" within the meaning of 35 U.S.C. § 102(b).

5. Where a device serves the same or a similar purpose to the patented invention, but functions in a substantially different way, the fact that it falls within the literal language of the claim does not warrant a finding of infringement. The patent law is designed to protect the originality and technical merit of the device, not to reward the literary skills of those drafting patent claims. *SRI Intern. v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1122–24 (Fed.Cir.1985); *Autogiro Co. of America v. United States*, 384 F.2d 391, 399–400, 181 Ct.Cl. 55 (1967).

6. The Court finds there is no infringement of claim 30 in that the anchor assembly as a whole performed in a substantially different manner and functioned based on a substantially different theory than Patent '924.

7. Accordingly, the Clerk of the Court is directed to enter judgment for defendant dismissing plaintiff's complaint in its entirety. Defendant is entitled to costs only.

SO ORDERED.